UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ANGELA LEE MELENDEZ, | ) | Civil Action No.: |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| BLUESTEM BRANDS, INC. d/b/a FINGERHUT and ALLIED INTERSTATE, LLC | ) ) ) |  |
|  | ) |  |
| Defendant. | ) |  |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ANGELA LEE MELENDEZ ("Plaintiff"), by and through her attorneys, Kurz Law Group, LLC, alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Fingerhut") and ALLIED INTERSTATE, LLC ("Allied") (collectively "Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.  See <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants each conduct business in the State of Georgia therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Pine Lake, Dekalb County, Georgia.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant Fingerhut is a company with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant Allied is a national debt collection business with its headquarters located at 200 Central Avenue, Fl. 7, Saint Petersburg, Florida 33701.

9. Defendants are each a "person" as that term is defined by 47 U.S.C. § 153(39).

10. On information and belief, Defendant Fingerhut hires Defendant Allied to place calls on its behalf to collect money from its customers.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

13. Plaintiff has only used this number as a cellular telephone number.

14. Beginning in or before January 2017 and continuing through July 2017, Defendants called Plaintiff's cellular telephone number repeatedly.

15. When contacting Plaintiff on her cellular telephone, Defendants used an automatic telephone dialing system and/or pre-recorded or artificial voice as the calls would begin with either a noticeable delay or silence with no caller on the line or a recording which played before a live representative would come on the line or the call would terminate.

16. Defendants' calls were not for emergency purposes.

17. Shortly after calls started, Plaintiff first told the Defendants to stop calling her.

18. Plaintiff also sent Defendant Fingerhut an email requesting that they stop calling her and instead send all information in writing.

19. Despite Plaintiff's requests, Defendants continued to call her and she was forced to tell them to stop calling several more times in or around January and February 2017.

20. The calls still continued through at least July 2017.

21. Plaintiff found Defendants' repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

22. Upon information and belief, Defendants conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA
**Against All Defendants**

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. Defendants initiated automated calls to Plaintiff using an automatic telephone dialing system and/or artificial or pre-recorded voice.

25. Defendants' calls to Plaintiff were not made for emergency purposes.

26. After Defendants were told to stop calling, Defendants knew or should have known it did not have consent to call and/or that any consent it thought it had was revoked.

27. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively, fraudulently, and absent bona fide error, lawful right, legal defense, legal justification, or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual, and treble damages.

WHEREFORE, Plaintiff, ANGELA LEE MELENDEZ respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff ANGELA LEE MELENDEZ, demands a jury trial in this case.

Respectfully submitted,

Dated: May 24, 2018

By: /s/ Dennis R. Kurz
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road
Building 17, Ste. 200
Marietta GA 30067
Phone: (678) 264-8003
Fax: (678) 245-6805
dennis@kurzlawgroup.com
Attorney for Plaintiff

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1**

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

Respectfully submitted,

Dated: May 24, 2018

By: /s/ Dennis R. Kurz
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road
Building 17, Ste. 200
Marietta GA 30067
Phone: (678) 264-8003
Fax: (678) 245-6805
dennis@kurzlawgroup.com
Attorney for Plaintiff